UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN SWETZ on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>THE CLOROX COMPANY,<br><br>                      Defendant. | Case No. 7:22-cv-9374-PMH<br><br>Hon. Philip M. Halpern |

**ORDER GRANTING PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Philip M. Halpern, United States District Judge:

      Bryan Swetz, Michael Charles, Olivia Kossel, Tina Donohue, and Alyce Lacey (collectively "Plaintiffs") filed their Motion for Final Approval of Class Action Settlement on May 1, 2024 (the "Motion"). Having considered the Settlement Agreement (the "**Settlement Agreement**") (ECF No. 33-1); the Motion, memorandum of law, supporting declarations and exhibits; the lack of any opposition or objection to the Motion; all arguments presented at any hearing of this matter; all relevant papers on file herein; and finding good cause appearing hereby ORDERS:

      1.      This Court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties.

      2.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class.

      3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order

and finally certifies Bryan Swetz, Michael Charles, Olivia Kossel, Tina Donohue, and Alyce Lacey as Class Representatives for the Settlement Class; and finally appoints Sultzer & Lipari, PLLC (formerly The Sultzer Law Group, P.C.), Levin Sedran & Berman, Leeds Brown Law, P.C., and Squitieri & Fearon, LLP as Class Counsel for the Settlement Class.

4. The Court finds that the publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, and the United States Constitution (including the Due Process Clause).

5. There have been no objections to the Settlement or any of its terms.

6. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) the named Plaintiffs and Class Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed

method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed plan of allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. Each Settlement Class Member who did not opt out, whether or not such Settlement Class Member executed and delivered a Claim Form, is bound by this Order, including, without limitation, the release of claims as set forth in the Stipulation. With respect to the released claims, the Settlement Agreement and this Final Approval Order is binding on, and shall have *res judicata* and preclusive effect, in all pending and future lawsuits or other proceedings maintained by or on behalf of the Class Representatives or Settlement Class Members who did not opt out. All Settlement Class Members who did not opt out are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

8. If the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

9. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

10. The Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

11. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. Such order shall not affect this Order and shall be considered separate from this Order. Such order shall not affect the finality of this Order or the Effective Date of the Settlement.

12. Without affecting the finality of the Settlement Approval Order for purposes of appeal, this Court will administratively close this case but will reopen it on ten (10) days prior written notice and retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement Approval Order, and for any other necessary purpose.

**SO ORDERED.**

Dated: White Plains, New York
       May 22, 2024

**PHILIP M. HALPERN**
UNITED STATES DISTRICT JUDGE